UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS AYODELE — PETITIONER

V. — CIVIL ACTION NO. 3:25-CV-981-DPJ-ASH

WARDEN, FCC YAZOO CITY LOW II — RESPONDENT

# REPORT AND RECOMMENDATION

Pro se Petitioner Thomas Ayodele filed this 28 U.S.C. § 2241 habeas petition challenging the Bureau of Prisons' calculation of sentencing credits under the First Step Act. As explained below, the undersigned recommends the Court dismiss Ayodele's petition without prejudice for failure to exhaust or, alternatively, deny it on the merits.

## I. Facts and Procedural History

On June 13, 2023, the United States District Court for the Northern District of Mississippi sentenced Ayodele to serve a 136-month term of incarceration after a jury convicted him of conspiracy to commit and aiding and abetting in the armed robbery of a United States Postal Carrier. Ayodele, who is incarcerated at the Federal Correctional Complex in Yazoo City, has a projected statutory release date of October 20, 2032, based on the assumption that he earns all good-conduct time available to him, and a projected release date of October 21, 2031, with 365 days of FSA credit credited toward his sentence. *See* 28 C.F.R. § 523.20(b)(1) ("The [BOP] will award inmates up to 54 days of GCT credit for each year of the sentence imposed by the court. Consistent with this methodology, the [BOP] will initially determine a projected release date by calculating the maximum GCT credit possible based on the length of an inmate's imposed sentence.").

Ayodele believes he is entitled to some additional amount of FSA credit that he says the BOP "has unlawfully delayed" the "execution" of "by fragmenting accrual periods and relying on non-statutory 'recommended' placement dates." Am. Pet [4] at 6. He filed this petition seeking an order directing the BOP "to properly execute [his] earned [FSA] time credits." *Id.* at 7. Respondent responded in opposition to Ayodele's petition, and Ayodele filed two replies.

## II. Analysis

Respondent says Ayodele's petition should be dismissed for failure to exhaust, or, alternatively, denied on the merits. The Court agrees on both counts.

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to its calculation] is a petition pursuant to 28 U.S.C. § 2241 . . . in the district where the [petitioner] is incarcerated." *United States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021). To the extent Ayodele's petition challenging the application of his FSA credits implicates the duration of his term of incarceration,[1] it is properly before the Court. *See Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025) ("[A] habeas petition 'is the proper vehicle to seek release from custody.'" (quoting *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)), *cert. granted*, 2026 WL 1513325 (June 1, 2026).

### A. Exhaustion

Before filing a § 2241 petition, "[a] federal prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)). The BOP's regulations provide for a multiple-step Administrative Remedy Program that

---

[1] As explained below in the merits section, the undersigned finds that Ayodele's petition fails on this point because it does *not* implicate the duration of his term of incarceration and he therefore does not raise a cognizable habeas claim.

"allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10; *see generally id.* §§ 542.10–542.19 (Subpart B, Administrative Remedy Program). To begin the process, "an inmate shall first present an issue of concern informally to staff." *Id.* § 542.13. If informal resolution does not address the inmate's concerns, within "20 calendar days following the date on which the basis for the Request occurred," the inmate must file "a formal written Administrative Remedy Request, on the appropriate form (BP-9)." *Id.* § 542.14(a). Once a BP-9 is filed, "response shall be made by the Warden . . . within 20 calendar days." *Id.* Next, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). The Regional Director then has 30 calendar days to respond, *id.* § 542.18, and "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response," *id.* § 542.15(a). The General Counsel has 40 calendar days to respond to the BP-11. *Id.* § 542.18.

"The filing of an appeal to the General Counsel 'is the final administrative appeal.' 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review process, a federal inmate h[a]s exhausted h[is] administrative remedies for filing a § 2241 petition." *Gayton v. Rivers*, No. 3:23-CV-1842, 2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023), *report and recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17, 2023).

The records submitted by Respondent indicate that Ayodele never began—much less completed—the administrative remedy process as to a claim regarding missing FSA credits. Landers Decl. [8-1] ¶ 26; Ex. [8-5]. And Ayodele does not claim to have exhausted, instead

arguing that exhaustion "is not jurisdictional" and that "administrative review would be futile." Pet. [1] at 2. While it is true that exhaustion is not a jurisdictional prerequisite to seeking relief under § 2241, courts in the Fifth Circuit nevertheless require federal prisoners to "exhaust 'administrative remedies before seeking habeas relief . . . under . . . § 2241.'" *Mayberry v. Pettiford*, 74 F. App'x 299, 299 (5th Cir. 2003) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). And although there are "[e]xceptions to the exhaustion requirement," they "apply only in extraordinary circumstances, and it is [Ayodele's] burden to demonstrate the futility of administrative review." *Overshown v. Upton*, 466 F. App'x 361, 361 (5th Cir. 2012) (citing *Fuller*, 11 F.3d at 62).

Ayodele argues that the delay involved in exhaustion "would cause irreparable harm." Reply [10] at 1 (capitalization altered). But "[t]he fact that it takes time to exhaust administrative remedies does not excuse a prisoner from initiating and completing the process." *De La Garza Salinas v. Warden*, No. 3:24-CV-662-KHJ-MTP, 2025 WL 1297674, at *2 (S.D. Miss. Apr. 9, 2025), *report and recommendation adopted*, 2025 WL 1296185 (S.D. Miss. May 5, 2025). "Indeed, the United States Supreme Court has held that even inmates who may be entitled to immediate release must exhaust their administrative remedies." *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973)); *accord Mosquera v. United States*, No. 3:25-CV-487-DPJ-ASH, 2025 WL 3681375, at *1 (S.D. Miss. Dec. 18, 2025). And the fact that a petitioner believes he will be unsuccessful in his pursuit of administrative remedies does not excuse the obligation to exhaust. *Andrade v. Childress*, 3:25-CV-822-KHJ-MTP, 2026 WL 1140905, at *2 (S.D. Miss. Mar. 30, 2026), *report and recommendation adopted*, 2026 WL 1139640 (S.D. Miss. Apr. 27, 2026). "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Id.* (quoting

*Wy v. Berkebile*, No. 3:08-CV-1894, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008)). Ayodele has not shown he should be excused from administrative exhaustion.

B. Merits

Alternatively, Ayodele's petition should be denied on the merits. The FSA created a system of "incentives and rewards for prisoners [who] participate in and complete evidence-based recidivism reduction programs" and other productive activities. 18 U.S.C. § 3632(d).

> It permits qualifying inmates to apply earned time credits towards prerelease community-based placements such as [in] a Residential Reentry Center or home confinement. 18 U.S.C. § 3624(g)(2). Further, at the discretion of the director of the BOP, time credits earned under the FSA may be applied towards release [to] supervision at an earlier date, *not to exceed 12 months.* [*Id.*] § 3624(g)(3).

*Duarte-Varsquez v. Warden, FCI Beaumont Low*, No. 1:24-CV-169, 2024 WL 4864618, at *3 (E.D. Tex. Oct. 28, 2024) (emphasis added), *report and recommendation adopted*, 2024 WL 4860787 (E.D. Tex. Nov. 20, 2024). In other words, "365 days of time credit . . . is the maximum amount of time credit an inmate may receive towards early supervised release" under the FSA. *McLean v. Rivers*, No. 3:23-CV-1750-G-BK, 2024 WL 665858, at *2 (N.D. Tex. Jan. 26, 2024), *report and recommendation adopted*, 2024 WL 666070 (N.D. Tex. Feb. 15, 2024). And the BOP's applicable program statement provides that for inmates who meet certain criteria, "365 days of earned [credits] will be automatically applied to early release." Program Statement 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), *available at* https://www.bop.gov/policy/progstat/5410.01_cn2.pdf [https://perma.cc/92ZX-JD7U]. Once those credits are earned and automatically applied, "[a]ny credits in excess of 365 may be applied to pre-release custody, including transfer to a Residential Reentry Center . . . or to Home Confinement." *Frey v. Martinez*, No. 2:23-CV-822, 2024 WL

3264823, at *2 (W.D. La. June 3, 2024), *report and recommendation adopted*, 2024 WL 3257126 (W.D. La. July 1, 2024).

In this case, without the supposedly missing credits[2] about which Ayodele complains, the maximum of 365 days has already been credited toward his early release to supervision. Landers Decl. Attach. A [8-2] at 2 ("WITH APPLIED FSA CREDITS.: 365 DAYS[,] THE INMATE IS PROJECTED FOR RELEASE: 10-21-2031 . . . .").[3] Thus, any missing credits could *only* be applied towards a prerelease community-based placement (like a residential reentry center or home confinement). It is well-settled that, even after the FSA, "[t]he calculation of an inmate's time credits [with regard to] the assignment to a halfway house or home confinement remains within the discretion of the BOP." *Robinson v. Baysore*, No. 3:23-CV-489-HTW-LGI, 2024 WL 5466090, at *2 (S.D. Miss. July 26, 2024), *report and recommendation adopted*, 2025 WL 429796 (S.D. Miss. Feb. 7, 2025). As such, because Ayodele's requested relief "would not automatically entitle him to accelerated release," the Court cannot award it to him in a § 2241

[2] Ayodele suggests there have been periods during his incarceration when he was "not in qualifying admit status" and therefore did not earn FSA credits. Pet. [1] at 2. But the documentation submitted by Respondent indicates that Ayodele has earned FSA credits every day since he was committed to the BOP's custody on July 26, 2023. *See* Landers Decl. Attach. A [8-2] at 2 (providing commitment date of July 23, 2023); *id.* Attach. B [8-3] at 1 (showing Ayodele accrued 208 program days from July 26, 2023, to February 19, 2024, and accrued 692 program days from February 19, 2024, to January 11, 2026, and further indicating Ayodele had 0 disallowed program days during that time). As for the time Ayodele was in custody between his June 13, 2023 sentencing and his July 26, 2023 commitment to BOP custody, assuming he is correct that he should have been eligible to earn credits during that time, Ayodele has not shown he was engaged in "recidivism reduction programming or productive activities" during that time. 18 U.S.C. § 3632(d)(4)(A). If Ayodele has proof that he is eligible for the missing credits he claims, then he should present that information to the BOP in the exhaustion process.

[3] In his second reply, Ayodele asks the Court to expand the record by ordering Respondent to file a number of additional documents. Supp. Reply [11] at 11. Respondent submitted sufficient documentation to establish that, as of January 11, 2026, Ayodele had accumulated 420 FSA credits, and that 365 of them have been credited towards his early release to supervision. The undersigned sees no need to expand the record.

petition. *Blackwell v. Warden, FCI Yazoo*, No. 3:24-CV-832-KHJ-MTP, 2025 WL 1370821, at *1 (S.D. Miss. May 12, 2025) (quoting *Maxwell*, 133 F.4th at 454); *see Maxwell*, 133 F.4th at 454 (observing that "the nature of [petitioner's] requested relief is transfer to a halfway house or home confinement" and holding that because "neither form of relief would entitle him to accelerated release, so the relief he seeks" is not available in habeas and "§ 2241 is not the proper vehicle" for these claims).

III. Conclusion and Recommendation

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. Ayodele failed to exhaust administrative remedies, so the undersigned recommends his petition be dismissed without prejudice. And because Ayodele's requested relief, if granted, would not entitle him to accelerated release from incarceration, the Court may not award it to him in this § 2241 action. The undersigned alternatively recommends the Court deny the petition.[4]

IV. Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[5] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may

[4] Given Ayodele's argument that he should be permitted to pursue a correction to the sentence calculation in "the proper civil vehicle," the undersigned recommends the denial of habeas relief be without prejudice to Ayodele's ability to pursue that claim in a civil-rights suit. *See Maxwell*, 133 F.4th at 454.

[5] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of October, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE